# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES QUINCY HILL,<br><br>                Petitioner,<br><br>        v.<br><br>JERRY BROWN, [1]<br><br>                Respondent. | Case No.  1:15-cv-01340-SAB-HC<br><br>FINDINGS AND RECOMMENDATION |

Petitioner is proceeding pro se with a petition for writ of habeas corpus challenging civil-commitment proceedings under the Sexually Violent Predator Act ("SVPA") which are ongoing in San Francisco County Superior Court.  (ECF No. 1).  On July 8, 2015, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California pursuant to 28 U.S.C. § 2241.  The matter was then transferred to this district.  (ECF No. 8).

## I.

## DISCUSSION

**A.  Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

---

[1] The Court notes that Petitioner has not named a proper Respondent, such as the warden of the institution he is at or the chief officer in charge of state penal institutions.  See Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  While the Court would generally give Petitioner an opportunity to amend the name of Respondent, amendment is futile because the Court recommends that the petition be dismissed for exhaustion and abstention.

1


petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court will dismiss the petition without prejudice because it is wholly unexhausted and it is appropriate to abstain from the exercise of jurisdiction in this case pursuant to Younger v. Harris, 401 U.S. 37 (1971).

**B. Abstention**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. See Younger, 401 U.S. at 43-54. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

All three of the Younger criteria are satisfied here. First, Petitioner's case in California state court is "ongoing," because it is apparent from the face of the petition that SVPA proceedings were ongoing when Petitioner filed the instant petition. See Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 801 (9th Cir. 2001) (holding that the state court proceedings are deemed ongoing under the first prong of the Younger test if the state court suit was pending at the time of the federal suit's filing). Second, the SVPA proceedings implicate important state interests by protecting the public from sexual predators. See Hubbart v. Superior Court, 19 Cal.4th 1138, 81 Cal.Rptr.2d 492, 969 P.2d 584, 587 (1999) (SVPA reflects the California legislature's "concern over a select group of criminal offenders who are extremely dangerous as the result of mental impairment, and who are likely to continue committing acts of sexual violence even after they have been punished for such crimes."). Third, Petitioner has an adequate state forum in which to pursue his constitutional challenges. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Petitioner fails to demonstrate that his claims cannot

be adequately addressed either in the pending SVPA proceedings in San Francisco County Superior Court (to the extent that the San Francisco County Superior Court has not already addressed them), or on any direct appeal therefrom.

Therefore, the Younger requirements are satisfied in the present case, and abstention is required unless extraordinary circumstances exist, such as bad faith, harassment, or immediate and irreparable harm if the court abstains. See Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817 n.22 (1976); Middlesex County Ethics Comm., 457 U.S. at 437. Younger does not prohibit pre-trial habeas review when the petitioner raises a colorable claim that the state proceeding will violate the Double Jeopardy Clause. See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Although Petitioner claims the Court should hear this matter now because of double jeopardy concerns, Petitioner's double jeopardy claims are not persuasive. Petitioner has not made any showing of extraordinary circumstances indicating that he will suffer immediate irreparable harm if the federal court abstains until after his California SVPA proceedings are complete. See Younger, 401 U.S. at 45-46; Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Accordingly, the Court should abstain from interfering with the state judicial process. Therefore, as Petitioner's petition challenges the ongoing SVPA proceedings in state court, the petition must be dismissed.

**C. Exhaustion**

The petition should also be dismissed because it is completely unexhausted. "Federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitions have exhausted state avenues for raising federal claim." Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

4

Here, upon a review of the petition, it appears that Petitioner has not presented his claims to the California Supreme Court, and therefore, the petition is completely unexhausted. If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims.

## II.

## RECOMMENDATION

Accordingly, it is RECOMMENDED that the petition be DIMSMISSED without prejudice. Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2015**

UNITED STATES MAGISTRATE JUDGE